UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HomeStar Property Solutions, LLC, doing business as Energy REO Solutions,

Civ. No. 13-1240 (PAM/SER)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Statebridge Company, LLC, and
Geneva House II, LLC,

Defendants.

---

This matter is before the Court on Defendant Geneva House II, LLC's Motion to Dismiss or, alternatively, to Transfer Venue, and on Defendant Statebridge Company's partial motion to dismiss. For the reasons that follow, the Motions are denied.

**BACKGROUND**

Plaintiff HomeStar Property Solutions entered into an alleged joint venture agreement with Defendant Geneva House II and a non-party, RebuildUS, to buy and rehabilitate foreclosed residential properties throughout the United States and re-sell them at a profit. (Am. Compl. ¶ 4.) HomeStar was to provide the construction and renovation of the properties; Geneva House provided financing and RebuildUS identified the properties to be purchased. (Id.) Kevin Kanouff communicated with the other joint venturers on behalf of Geneva House; Mr. Kanouff is also an officer of Defendant Statebridge Company, and his

communications regarding the joint venture were sent from his Statebridge e-mail account and often included a Statebridge signature block. HomeStar alleges "[o]n information and belief" that Geneva House is an alter ego of Statebridge. (Id. ¶ 3.)

HomeStar alleges that it performed nearly $500,000 worth of repairs for which it has not been compensated. (Id. ¶¶ 7-8.) According to HomeStar, all of the sale proceeds for the joint venture's properties were paid to Statebridge. (Id. ¶ 17.)

Geneva House is a Colorado company; Statebridge is registered to do business in all 50 states and is licensed in Minnesota. (Id. ¶¶ 9-10.) Geneva House contends that this Court lacks personal jurisdiction over it and seeks to have the action dismissed or transferred to Colorado. Geneva House also appears to argue that the action should be dismissed for improper venue. None of the residential properties at issue is located in Colorado or in Minnesota. For its part, Statebridge contends that HomeStar has not sufficiently pled that Statebridge is part of the alleged joint venture, such that the counts of the Complaint that arise out of the alleged joint venture must be dismissed.

**DISCUSSION**

**A.     Personal Jurisdiction**

The Court can exercise personal jurisdiction over a nonresident defendant if (1) Minnesota's long-arm statute, Minn. Stat. § 543.19, is satisfied; and (2) the exercise of personal jurisdiction does not offend due process. Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693 (8th Cir. 2003). Because Minnesota's long-arm statute extends the personal jurisdiction of Minnesota courts as far as due process allows, In re Minn. Asbestos Litig., 552

N.W.2d 242, 246 (Minn. 1996), the Court need only evaluate whether the exercise of personal jurisdiction comports with the requirements of due process. Guinness Import Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 614 (8th Cir. 1998). It is a plaintiff's burden to demonstrate, "by a prima facie showing, that personal jurisdiction exists." Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998)

Due process requires that the defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). There must be some act by which the defendant "purposefully avails itself of the privileges of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). In contrast, contacts that are merely random, fortuitous, attenuated, or that are the result of "unilateral activity of another party or a third person" will not support personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (citation omitted).

To determine the sufficiency of a defendant's conduct with the forum state, the Court examines five factors: (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relation between the contacts and the action; (4) the forum state's interest in the litigation; and (5) the convenience of the parties. Epps v. Stewart Info. Servs. Corp.,

327 F.3d 642, 648 (8th Cir. 2003). The third factor distinguishes between general and specific jurisdiction. Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc., 65 F.3d 1427, 1432 (8th Cir. 1995). General jurisdiction is present whenever a defendant's contacts with the forum state are so "continuous and systematic" that it may be sued in the forum over any controversy, independent of whether the cause of action has any relationship to the defendant's activities within the state. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Specific jurisdiction refers to jurisdiction over causes of action arising from or related to the defendant's actions within the forum state. Burger King, 471 U.S. at 472-73. The fourth and fifth factors are secondary to the analysis. Minn. Min. & Mfg. Co. v. Nippon Carbide Indus. Co., Inc., 65 F.3d 694, 697 (8th Cir. 1995). Here, HomeStar does not contend that Geneva House is subject to the Court's general jurisdiction, but rather that the Court may exercise specific jurisdiction over Geneva House because this case is related to Geneva House's actions within Minnesota.

Despite Geneva House's protestations to the contrary, this Court has jurisdiction over the present controversy. Geneva House does not deny communicating repeatedly with HomeStar in Minnesota regarding the alleged joint venture. Geneva House also does not deny that it knew that HomeStar was a Minnesota company that would be organizing the activities of the venture from its Minnesota offices. Although Geneva House, standing alone, may not have sufficient contacts with Minnesota for the exercise of general jurisdiction,[1] its

---

[1] If discovery bears out HomeStar's contention that Geneva House is functionally indistinct from Statebridge, then Statebridge's contacts with Minnesota could be imputed to

4

contacts are enough in nature, quality, and quantity for specific jurisdiction. Geneva House "aimed its conduct at Minnesota, [it] intended to induce commercial activity in Minnesota, [and] Minnesota was [at least one of] the focal point[s] for the alleged wrongdoing." Jacobs Trading, LLC v. Ningbo Hicon Int'l Indus. Co., 872 F. Supp. 2d 838, 847 (D. Minn. 2012) (Ericksen, J.). HomeStar has established that Geneva House purposefully availed itself of the privilege of conducting activities in Minnesota. See Hanson v. Denckla, 357 U.S. at 253. Geneva House's Motion to Dismiss is denied.

**B.     Transfer**

Geneva House contends that, even if a dismissal is not warranted, the case should be transferred to the District of Colorado under § 1404(a).[2] That section provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The statute mandates three factors for a court to consider when determining whether transfer is appropriate: (1) the convenience of parties; (2) the convenience of witnesses; and (3) the interests of justice. However, a court is not limited to considering only these three factors, because transfer determinations "require a case-by-case

---

Geneva House and the Court would have general jurisdiction over both entities.

[2] Geneva House also appears to contend that Minnesota is an improper venue for this matter. But Geneva House misconstrues the requirements of § 1391. That section provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. HomeStar has alleged that a substantial part of the events in this case occurred in Minnesota, and thus venue is proper here.

5

evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

"In general, federal courts give considerable deference to a plaintiff's choice of forum . . . ." Id. at 695; see also Christensen Hatch Farms, Inc. v. Peavey Co., 505 F. Supp. 903, 911 (D. Minn. 1981) (Renner, J.) (noting a "presumption in favor of a plaintiff's choice of forums"). Thus, the party seeking a transfer bears the burden of establishing that a change of forum is appropriate. Id. Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). Further, "section 1404(a) provides for a transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the burden to the party resisting the transfer." Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (Doty, J.).

Geneva House has not met its burden of establishing that a transfer is appropriate in this case. It may be that most of Geneva House's witnesses are located in Colorado, but it is also true that most of HomeStar's witnesses are located in Minnesota. Thus, a transfer to Colorado would merely shift the inconvenience from Geneva House to HomeStar. Moreover, the interests of justice, which is the factor that weighs "very heavily" in this analysis, do not weigh in favor of a transfer. GMAC/Residential Funding Corp. v. The Platinum Co. of Real Estate and Fin. Servs., Inc., Civ. No. 02-1224, 2003 WL 1572007, at *2 (D. Minn. March 13, 2003) (Kyle, J.). A substantial part of the events giving rise to

6

HomeStar's claims occurred in, or have a significant connection to, Minnesota. That some events also occurred in Colorado or elsewhere does not overcome the weight afforded to HomeStar's forum choice. There are no issues with this Court's ability to apply the applicable law, nor are there any obstacles to a fair trial or enforcement of a judgment. See Terra Int'l, 199 F.3d at 696 (listing factors to be considered in evaluating interests of justice). Geneva House has not established that a transfer is warranted. The Motion is therefore denied.

**C.     Motion to Dismiss for Failure to State a Claim**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiffs draw from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).

Statebridge contends that HomeStar has failed to plead facts establishing six of its claims against Statebridge. These claims are breach of joint venture agreement, breach of joint enterprise agreement, breach of contract, promissory estoppel, accounting, and unjust enrichment. According to Statebridge, the facts establish that Statebridge was not a party to the joint venture agreement and thus cannot be liable under any theory for the alleged breach

of that agreement.

As an initial matter, Statebridge cannot rely on the facts as it sees them to establish its entitlement to a dismissal of HomeStar's claims. This is a Motion to Dismiss. The Court therefore takes the facts as pled and determines whether those facts plausibly support a cause of action. That Mr. Kanouff disagrees with HomeStar's characterization of his roles in Statebridge, Geneva House, and the joint venture is not something the Court can consider on a Motion to Dismiss.

Moreover, the facts to which Statebridge points as alleged support for its contention that HomeStar concedes that Statebridge was not a party to the joint venture in fact point to the opposite conclusion. Statebridge makes much of an e-mail referenced in the Amended Complaint that outlines the profit-sharing for the joint venture and does not mention Statebridge. (Breese Aff. (Docket No. 43-1) Ex. A.) But Mr. Kanouff sent the e-mail from his Statebridge e-mail account with Statebridge's address under his signature. Thus, it is a plausible inference that Statebridge was involved, for example as a silent partner of Geneva House or as an alter ego of Geneva House.

Similarly, the allegation that all of the proceeds from the joint venture were paid to Statebridge shows that HomeStar's claims plausibly allege Statebridge's participation in, and benefit from, the joint venture.

Statebridge also contends that HomeStar's claim for a breach of joint enterprise fails as a matter of law, because courts do not recognize joint ventures in this situation. But HomeStar is entitled to plead in the alternative, and if it becomes clear through discovery that

8

a joint-enterprise theory is not viable, Statebridge can move for summary judgment on that claim. See Breeding v. Massey, 378 F.2d 171 (8th Cir. 1967) (noting that "the right of a plaintiff to try his case on alternate theories has uniformly been upheld in the federal courts").

**CONCLUSION**

This Court has jurisdiction over Geneva House, and Minnesota is a convenient forum in which to try the claims against Geneva House. Statebridge has failed to establish that any of HomeStar's claims should be dismissed.

Accordingly, **IT IS HEREBY ORDERED that** Defendants' Renewed Motion to Dismiss or to Transfer Venue (Docket No. 35) is **DENIED**.


Dated: October 28, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

9